**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5172**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL WAYNE ISLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-05-216)

Submitted:  June 21, 2006          Decided:  July 17, 2006

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Wayne Isley appeals his conviction and sentence for conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (2000), conspiracy to possess with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (2000), distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) (2000), counterfeiting in violation of 18 U.S.C. § 473 (2000), possession with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (2000), possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (2000). Isley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Isley has been notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Isley raises the issue of whether the district court erred by denying his oral motion to withdraw his guilty plea. "[T]he district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). The district court's denial of a motion to withdraw a guilty plea is reviewed

for abuse of discretion.  <u>United States v. Wilson</u>, 81 F.3d 1300, 1305 (4th Cir. 1996).

In determining whether a defendant has shown a "fair and just reason" to withdraw his guilty plea, a court examines the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

<u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991).  The most important consideration in resolving a motion to withdraw a plea, however, is whether the Rule 11 plea colloquy was properly conducted.  <u>Bowman</u>, 348 F.3d at 414.  We closely scrutinize the Rule 11 hearing and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate.  <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992).

Isley contends that he did not plead guilty knowingly or voluntarily because he did not understand the legal system.  The district court conducted a thorough Rule 11 plea colloquy, including a full explanation of the elements of each count and the possible penalties.  Isley said he understood the charges against him and that he pled guilty knowingly and voluntarily.  The district court properly conducted its Rule 11 colloquy and Isley

failed to submit any evidence to counter the strong presumption that his plea was final and binding. In addition, Isley also failed to credibly assert his legal innocence and has not justified the delay in time between the entering of his guilty plea and the oral motion to withdraw the guilty plea at sentencing. The district court did not abuse its discretion in denying Isley's motion to withdraw the guilty plea.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>